# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kimberly Gist, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:25-928-RMG |
| vs. ) | |
| ) | |
| Frank Bisignano, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on January 12, 2026, recommending that the Commissioner's decision be affirmed. (Dkt. No. 16). The Magistrate Judge gave the parties notice that they had a right to file written objections to the R & R within 14 days of the R & R, and the failure to file objections would result in clear error review and a waiver of the right to appeal the district court's decision. (*Id*. at 7). No objections were filed to the R & R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff applied for Social Security disability benefits on the basis of several physical impairments. The Administrative Law Judge (ALJ) determined Plaintiff suffered the following severe impairments: congestive heart failure, hypertension, history of cardiovascular accident, and migraine headaches. The ALJ also found that Plaintiff had various non-severe impairments, including a right knee meniscus tear. (Dkt. No. 7-2 at 20). The ALJ found that despite these severe and nonsevere impairments, Plaintiff retained the residual functional capacity to perform less than

the full scope of light work and that she retained the capacity to perform her past relevant work as a garment sorter. (*Id*. at 24, 28). Based on these findings, the ALJ found that Plaintiff was not disabled under the Social Security Act, and this decision was formally accepted by the Commissioner as the final agency decision.

Plaintiff appealed the adverse decision to this Court, focusing her argument on the finding of the ALJ that her meniscus tear was not a severe impairment under the Social Security Act. The ALJ found that the Plaintiff had not carried her burden of showing that the right knee impairment had lasted or was expected to last at least 12 months. (*Id*. at 21, 26). This is known as the duration requirement. The Magistrate Judge recommended that the Commissioner's decision be affirmed because "Plaintiff offers no evidence or argument suggesting that her knee impairment 'lasted or [could] be expected to last for a continuous period of at least 12 months,'" as required under SSR 23-1p, 2023 WL 8236247 at *2. Plaintiff filed no objections to the R & R.

The Court finds that the Magistrate Judge properly reviewed the legal and factual issues in this matter and correctly concluded that the decision of the Commissioner should be affirmed. Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 16) as the order of the Court and **AFFIRMS** the decision of the Commissioner.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
January 27, 2026